**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

CASE NO. _____ **04-22069**

## CIV-ALTONAGA

MAURICIO JARAMILLO,

Plaintiff,

vs.

ACON INVESTMENTS, LLC. and
JOSE MIGUEL KNOELL, Individually,

Defendants.

_____/

**MAGISTRATE JUDGE
BANDSTRA**

### DEFENDANTS', ACON INVESTMENTS, LLC
### AND JOSE MIGUEL KNOELL, NOTICE OF REMOVAL

Defendants, Acon Investments, LLC ("ACON") and Jose Miguel Knoell ("Knoell"), through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby remove this proceeding from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida and as grounds state:

1. This Court has original jurisdiction over this action because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of a state and citizens or subjects of a foreign state. 28 U.S.C. § 1332(a)(2)

2. Plaintiff, Mauricio Jaramillo ("Jaramillo"), filed his initial Complaint against "Newbridge Andean Partners d/b/a ACON Investments, LLC" and Knoell in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, bearing Case No. 04-15064 CA 25 on July 12, 2004.



GUNSTER, YOAKLEY & STEWART, P.A.
PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

3.     Service of process was effected on Newbridge on July 16, 2004, which was the first actual notice to the Defendants of the existence of this action. Undersigned counsel thereafter agreed to accept the service of process upon Newbridge as service on ACON. Some time after July 16, 2004, Plaintiff attempted service upon Knoell by serving the Secretary of State for the State of Florida.

4.     On August 5, 2004, Plaintiff Amended his Complaint and dropped Newbridge as a party.

5.     ACON and Knoell hereby seek removal of this action to this Court pursuant to 28 U.S.C. § 1441(a).

6.     This action may be removed pursuant to 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this matter, and the action was originally brought in state court.

7.     Upon information and belief, at the time this action was filed and at the present time, Jaramillo is, and has been, domiciled in the State of Florida and is a citizen of the Republic of Colombia.

8.     At the time this action was filed and at the present time, ACON is, and has been, a Delaware Limited Liability Company with its principal office in Washington, D.C. The members of ACON are Ken R. Brotman, Bernard Aronson and Jonathan Ginns. All members of the LLC were at the time of filing this action, and still are, domiciled in, and citizens of, the State of Maryland. Thus, ACON is not a citizen of Florida for purposes of 28 U.S.C. § 1332. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC, 2004 WL 1390083 (11th Cir. June 23, 2004).

2

GUNSTER, YOAKLEY & STEWART, P.A.
PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

FTL 263234.3

9. At the time the Complaint was filed, and at the present time, Knoell is, and was, a United States citizen domiciled in the District of Columbia. Knoell is not,was not at the time of filing the Complaint, a citizen of the State of Florida for purposes of 28 U.S.C. § 1332.

10. Plaintiff alleges that Defendants are liable upon alleged promises to pay him $500,000, stock in a new company, a finder's fee and employment with the new company, amounts well in excess of $75,000.

11. Accordingly, because there is complete diversity of citizenship and the amount in controversy is over $75,000, ACON and Knoell have satisfied the requirements for removal jurisdiction 28 U.S.C. § 1441 et seq. and 28 U.S.C. § 1332.

12. Defendants, by removing this action, do not agree that they are in any event subject to the jurisdiction of this Court and maintain the right to challenge the Court's jurisdiction over them.

13. Pursuant to 28 U.S.C. § 1446(a), a true copy of all process, pleadings, orders, and other papers or exhibits on file in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, are attached to this Notice as Composite Exhibit "A."

14. ACON and Knoell are contemporaneously filing a copy of this Notice with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, as required by 28 U.S.C. § 1446(d). A copy of the Notice of Filing Notice of Removal is attached as "Exhibit B." ACON and Knoell have also served written notice to all parties of the filing of this Notice of Removal.

GUNSTER, YOAKLEY & STEWART, P.A.
PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

FTL 263234.3

Respectfully submitted,

GUNSTER, YOAKLEY & STEWART, P.A.
Counsel for Defendants ACON INVESTMENTS,
LLC and JOSE MIGUEL KNOELL
One Biscayne Tower, Suite 3400
Two Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 376-6000
Facsimile: (305) 376-6010

By: _____
    Raymond V. Miller
    Florida Bar No. 328901
    Email: rmiller@gunster.com
    Ann M. Burke
    Florida Bar No. 093408
    Email: aburke@gunster.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy hereof has been furnished via facsimile and U.S. Mail to Manuel L. Dobrinsky, Esquire, Counsel for Plaintiff, Two South Biscayne Boulevard, Suite 3100, Miami, Florida 33131 this _13_ day of August, 2004.

By: _____
    Raymond V. Miller

4

GUNSTER, YOAKLEY & STEWART, P.A.
PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

FTL 263234.3

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR
DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

MAURICIO JARAMILLO,                CASE NO.:    04 31 50 6 4    CA 25

     Plaintiff,

v.

NEW BRIDGE ANDEAN PARTNERS,
D/B/A ACON INVESTMENTS, LLC. and
JOSE MIGUEL KNOELL, individually

     Defendants.

_____/

## CIVIL ACTION SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of Said State:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the Complaint,
Request for Admissions, Request for Production and Interrogatories in this action on defendant:

NEW BRIDGE ANDEAN PARTNERS,  D/B/A ACON INVESTMENTS, LLC.
1133 Connecticut Avenue, N.W.
Suite 700
Washington, D.C.  20036

Each defendant is required to serve written defenses to the complaint or petition on Plaintiffs'
attorney, to wit:

MANUEL L. DOBRINSKY, ESQUIRE
Freidin & Brown, P.A.
One Biscayne Tower, Suite 3100
2 South Biscayne Boulevard
Miami, Florida  33131
(305) 371-3666



EXHIBIT "A"

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED ON_____, 2004.

JUL 1 2 2004

Clerk of said Court

PHYLLIS PROCTOR

By: _____

as Deputy Clerk

IN THE CIRCU.. COURT OF THE ELEVENTH JUD,_.AL CIRCUIT
OF THE STATE OF FLORIDA, IN AND FOR
DADE COUNTY

Mauricio Jaramillo
Plaintiff(s)

Case Number: 04 15064 CA 25

vs

New Bridge Andean Partners, d/b/a Acon Investments, LLC, and Jose Miguel Knoell
Defendant(s)

## AFFIDAVIT OF SERVICE

Having received said documents on July 15, 2004 at 10:30 am, the undersigned hereby certifies that on July 16, 2004 at 11:30 AM, he executed service of process upon Ken Brotman, Managing Member and Authorized Representative of **NEW BRIDGE ANDEAN PARTNERS, D/B/A ACON INVESTMENTS, LLC.** at 1133 Connecticut Avenue, NW, Suite 700, Washington, DC 20036 by delivering to and leaving with personally, copies of Summons and Complaint. Ken Brotman is described as a White male, approximately 5' 9" tall, 200-225 pounds, blue eyes, brown hair, and 40 years of age. The undersigned further certifies that my place of business is 2000 Massachusetts Avenue NW 3rd Floor, Washington, DC 20036; that I am over the age of 18 years; and that I am not a party to this action.

I solemnly declare and affirm under penalties of perjury that the matters and facts set forth herein are true to the best of my knowledge, information, and belief.

Date: July 16, 2004

LORENZO KENERSON

NOTARY

Sworn and subscribed before me
on July 16, 2004

_____ (seal)
Kirk A. Hornbeck, Notary Public
My Commission Expires 10/31/04

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR
DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

MAURICIO JARAMILLO,                          CASE NO.:

        Plaintiff,

v.

NEW BRIDGE ANDEAN PARTNERS,
D/B/A ACON INVESTMENTS, LLC. and
JOSE MIGUEL KNOELL, individually

        Defendants.

                           /

## CIVIL ACTION SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of Said State:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the Complaint,
Request for Admissions, Request for Production and Interrogatories in this action on defendant:

JOSE MIGUEL KNOELL
c/o NEW BRIDGE ANDEAN PARTNERS, D/B/A ACON INVESTMENTS, LLC.
1133 Connecticut Avenue, N.W.
Suite 700
Washington, D.C. 20036

Each defendant is required to serve written defenses to the complaint or petition on Plaintiffs'
attorney, to wit:

MANUEL L. DOBRINSKY, ESQUIRE
Freidin & Brown, P.A.
One Biscayne Tower, Suite 3100
2 South Biscayne Boulevard
Miami, Florida 33131
(305) 371-3666

within **20** days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

**DATED ON**_____2004.

**Clerk of said Court**

By:_____
      as Deputy Clerk

# IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## OF THE STATE OF FLORIDA, IN AND FOR
## DADE COUNTY

Mauricio Jaramillo
Plaintiff(s)

Case Number: 04 15064 CA 25

vs

New Bridge Andean Partners, d/b/a Acon Investments, LLC. and Jose Miguel Knoell
Defendant(s)

## AFFIDAVIT OF DUE DILIGENCE

Having received said documents on July 15, 2004 at 10:30 am, the undersigned hereby certifies that he attempted service of Summons and Complaint upon **JOSE MIGUEL KNOELL** at 1133 Connecticut Avenue NW, Suite 700, Washington, DC 20036 on July 16, 2004 1t 11:30 am at which time I was informed that Defendant was living in Spain with no return date to the United States known.

The undersigned further certifies that his place of business is 2000 Massachusetts Avenue NW 3rd Floor, Washington, DC 20036; that he is over the age of 18 years; and that he is not a party to this action.

I solemnly declare and affirm under penalties of perjury that the matters and facts set forth herein are true to the best of my knowledge, information, and belief.

Date: July 16, 2004

LORENZO KENERSON

NOTARY

Sworn and subscribed before me
on July 16, 2004

_____ (seal)
Kirk A. Hombeck, Notary Public
My Commission Expires 10/31/04

FREIDIN & BROWN. P.A.. One Biscayne Tower. Suite 3100. 2 South Biscayne Blvd.. Miami. Fl. 33131. Phone: 305-371-3000, fax: 305-371-6725

08/13/04  FRI 11:05  [TX/RX NO 5710]

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR
DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

MAURICIO JARAMILLO,

        Plaintiff,

v.

NEWBRIDGE ANDEAN PARTNERS, L.P.
D/B/A ACON INVESTMENTS, LLC. and
JOSE MIGUEL KNOELL, individually

        Defendants.

_____/

CASE NO.: 04-15064 CA 25

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, sues the Defendants and states:

## GENERAL ALLEGATIONS

1. This is an action for damages in excess of FIFTEEN THOUSAND AND 00/100 ($15,000.00) DOLLARS.

2. Plaintiff Mauricio Jaramillo is a resident of the State of Florida.

3. Defendant NewBridge Andean Partners, d/b/a Acon Investments, LLC. ("Acon") is a limited partnership doing business in Washington, D.C.

4. On information and belief, Jose Miguel Knoell is a resident of the District of Columbia and a partner in NewBridge.

5. This Court has long-arm jurisdiction over the Defendants pursuant to Florida Statute § 48.193(a) or in the alternative Florida Statute § 48.193(g).

6. In or about June 2000, Jaramillo first met with Acon representatives to discuss the

FREIDIN & BROWN, P.A.. One Biscayne Tower, Suite 3100, 2 South Biscayne Blvd., Miami, FL 33131, Phone: 305.371.3666. fax: 305.371.6725

entering into a joint venture to purchase some or all of the assets from a flower distribution company known as USA Floral (the "joint venture").

7. Between June and mid August 2000, the exact date being unknown, Acon representative Jose Miguel Knoell traveled to Miami, Florida and met with Jaramillo to further the joint venture. At the conclusion of this meeting and continuing throughout the joint venture, the parties agreed that Jaramillo's role in the joint venture would consist of instructing Acon about the intricacies of the flower business, introducing Acon representatives to key people in the flower industry, recruiting investors for the purchase of some or all of USA Floral assets as well as reviewing and revising the financial models for the new company. Jaramillo also spent considerable effort in reviewing documents regarding the purchase of USA Floral assets.

8. For his participation in the joint venture, Acon agreed to compensate Jaramillo as follows: Jaramillo would receive $500,000 in cash, 2.5% of the stock of the newly formed company, a finder's fee for any investor Jaramillo secured for the purchase of USA Floral and/or its assets and a key executive position with the new company.

9. To date Jaramillo has not received any compensation from Acon.

10. On or about August 14, 2000, Acon, through its officers and employees, including but not limited to Jose Miguel Knoell, participated in a meeting via conference call with potential investors that was originated by Jaramillo and held in Miami.

11. On August 18, 2000 Knoell traveled to Miami and met with Jaramillo to work on and revise details of the joint venture.

12. On September 8, 2000 Acon, through its officers and employees, attended a meeting in furtherance of the joint venture with potential investors arranged by Jaramillo and held in

FREIDIN & BROWN. P.A.. *One Biscayne Tower, Suite 3100, 2 South Biscayne Blvd.. Miami, Fl. 33131, Phone: 305.371.3666, fax: 305.371.6725*

Miami.

13. In or about September and October 2000 Jaramillo traveled, at his own expense, to Central and South America to meet with potential investors and to introduce Knoell to additional investors and flower growers.

14. Between October 2000 and January of 2001 Jaramillo continued to travel within the United States, Europe and South America at his own expense to promote the joint venture.

15. In or about November of 2000, Acon, through its officers and employees, including but not limited to Jose Miguel Knoell, induced Jaramillo to continue working on the joint venture by assuring him that he would be duly reimbursed for his monthly expenses in furtherance of the joint venture. In essence Acon, through Knoell, promised to pay Jaramillo $10,000/month until the time that the new company was formed. Jaramillo relied on these representations and continued to work for the joint venture.

16. On or about February 13, 2001 Acon representatives, including Knoell, again traveled to Miami to a meeting arranged by Jaramillo to meet with potential investors. Around this time, Acon through it officers and employees, promised $30,000 to help defray the costs he incurred promoting the joint venture.

17. Jaramillo continued to work with Acon to promote the joint venture through April, 2001.

18. On or about April 17, 2001 Jaramillo wrote a letter to Acon regarding the fact that he had not received any payment from them. He explained to them that their failure to pay him placed him in a dire financial situation.

19. At that time Acon misrepresented to Jaramillo that they were not sure they would proceed with the project.

FREIDIN & BROWN, P.A., One Biscayne Tower, Suite 3100, 2 South Biscayne Blvd., Miami, FL 33131. Phone: 305.371.3666, fax: 305.371.6725

08/13/04  FRI 11:05  [TX/RX NO 5710]

20. Based on these misrepresentations, Jaramillo found employment with another company.

21. In November, 2001 Acon, along with at least one investor introduced to Acon by Jaramillo, finalized its purchase of Florimex, USA Floral's international and most profitable asset.

## COUNT I
## BREACH OF IMPLIED CONTRACT/UNJUST ENRICHMENT/QUANTUM MERUIT

22. Plaintiff realleges paragraphs 1-21 and incorporates them herein.

23. Jaramillo, through all of his efforts in furtherance of the Joint venture, provided Acon with the concept knowledge and expertise to purchase Florimex. Furthermore, Jaramillo provided Acon with at least one investor who was instrumental in the purchase of Florimex.

24. At all times material, Acon was aware that Jaramillo was providing these services and Acon has benefitted from Jaramillo's services.

25. Thus, it would be inequitable to allow Acon to benefit from Jaramillo's services without paying him fair value for his services.

WHEREFORE, Jaramillo demands a judgement against Acon in an amount excess of Fifteen Thousand ($15,000.00) Dollars, exclusive of interest and costs, prejudgment interest and further demands trial by jury on all issues so triable.

## COUNT II
## BREACH OF ORAL CONTRACT

26. Plaintiff realleges paragraphs 1-21 and incorporates them herein.

27. Between June and mid August 2000, the exact date being unknown, Jaramillo and Acon entered into an oral contract to form a joint venture, the essential purpose of which was to

FREIDIN & BROWN, P.A., One Biscayne Tower, Suite 3100, 2 South Biscayne Blvd., Miami, FL 33131. Phone: 305.371.3666, fax: 305.371.6725

08/13/04   FRI 11:05   [TX/RX NO 5710]

purchase some or all of the assets of USA Floral.

28.   Under the terms of the oral contract, the parties agreed that Jaramillo would instruct Acon about the intricacies of the flower business, introduce Acon representatives to key people in the flower industry, recruit investors for the purchase of some or all of USA Floral assets as well as review and revise the financial models for the new company.

29.   The parties agreed that in exchange for Jaramillo educating Acon about the flower business, introducing Acon to significant figures within the flower growing and distribution industry and securing investors for acquisition of USA Floral's assets, Jaramillo would receive $500,000 in cash, 2.5% of the stock of the newly formed company, a finder's fee for any investor Jaramillo secured for the purchase of USA Floral and/or its assets and a key executive position with the new company.

30.   Despite Jaramillo's full performance of his obligations under the terms of the oral contract and despite his demands to be compensated in accordance with the parties' agreement, Acon refused and still refuses to compensate Jaramillo.

31.   As a result of Acon's breach of the terms of the oral contract, Jaramillo has sustained and continues to sustain damages.

WHEREFORE, Jaramillo demands a judgement against Acon in an amount excess of Fifteen Thousand ($15,000.00) Dollars, exclusive of interest and costs, prejudgment interest and further demands trial by jury on all issues so triable.

## COUNT III
### FRAUD IN THE INDUCEMENT

31.   Plaintiff realleges paragraphs 1-21 and incorporates them herein.

32.   Between June and mid August 2000, the exact date being unknown, Acon falsely stated

FREIDIN & BROWN, P.A., One Biscayne Tower. Suite 3100, 2 South Biscayne Blvd.. Miami, FL 33131. Phone: 305.371.3666, fax: 305.371.6725

08/13/04  FRI 11:05  [TX/RX NO 5710]

to Jaramillo that they would provide him with $500,000 in cash, 2.5% of the stock of the newly formed company, a finder's fee for any investor Jaramillo secured for the purchase of USA Floral and/or its assets and a key executive position with the new company in exchange for him instructing Acon about the intricacies of the flower business, introducing Acon representatives to key people in the flower industry, recruiting investors for the purchase of some or all of USA Floral assets as well as reviewing and revising the financial models for the new company.

33. Acon knew when the above false statement was made that it would not provide Jaramillo with $500,000 in cash, 2.5% of the stock of the newly formed company, a finder's fee for any investor Jaramillo secured for the purchase of USA Floral and/or its assets and a key executive position with the new company.

34. When the false statement was made, Acon intended for Jaramillo to rely and act upon it.

35. Based on the representations made by Acon as outlined above, Jaramillo justifiably relied on Acon's representations.

36. Jaramillo has suffered and continues to suffer damages.

WHEREFORE, Jaramillo demands a judgement against Acon in an amount excess of Fifteen Thousand ($15,000.00) Dollars, exclusive of interest and costs, prejudgment interest and further demands trial by jury on all issues so triable.

## COUNT IV
## NEGLIGENT MISREPRESENTATION AS TO ACON

37. Plaintiff realleges paragraphs 1-21 and incorporates them herein.

38. Between June and mid August 2000, the exact date being unknown Acon represented to Jaramillo that they would provide him with $500,000 in cash, 2.5% of the stock of the

FREIDIN & BROWN, P.A.. One Biscayne Tower, Suite 3100, 2 South Biscayne Blvd., Miami, FL 33131. Phone: 305.371.3666, fax: 305.371.6725

08/13/04   FRI 11:05   [TX/RX NO 5710]

newly formed company, a finder's fee for any investor Jaramillo secured for the purchase of USA Floral and/or its assets and a key executive position with the new company in exchange for him instructing Acon about the intricacies of the flower business, introducing Acon representatives to key people in the flower industry, recruiting investors for the purchase of some or all of USA Floral assets as well as reviewing and revising the financial models of the new company.

39. Acon knew or should have known that this representation was false.

40. Acon intended by such representation to induce Jaramillo into educating Acon on the intricacies of the flower business, introducing them to significant figures within the flower growing and distribution industry and recruiting investors to act in accordance.

41. Based on the representations made by Acon as outlined above, Jaramillo justifiably relied on Acon's representations.

42. As a result of Jaramillo relying on Acon's representations, he has suffered and continues to suffer damages.

WHEREFORE, Jaramillo demands a judgement against Acon in an amount excess of Fifteen Thousand ($15,000.00) Dollars, exclusive of interest and costs, and further demands trial by jury on all issues so triable.

## COUNT V
## INTENTIONAL MISREPRESENTATION AS TO ACON

43. Plaintiff realleges paragraphs 1-21 and incorporates them herein.

44. Between June and mid August 2000, the exact date being unknown Acon fraudulently represented to Jaramillo that they would provide him with $500,000 in cash, 2.5% of the stock of the newly formed company, a finder's fee for any investor Jaramillo secured for

FREIDIN & BROWN. P.A., One Biscayne Tower, Suite 3100, 2 South Biscayne Blvd., Miami, FL 33131, Phone: 305.371.3666, fax: 305.371.6725

the purchase of USA Floral and/or it assets and a key executive position with the new company in exchange for him instructing Acon about the intricacies of the flower business, introducing Acon representatives to key people in the flower industry, recruiting investors for the purchase of some or all of USA Floral assets as well as reviewing and revising the financial models of the new company.

45. When Acon represented to Jaramillo that he would be compensated with $500,000 in cash, 2.5% of the stock, a key executive position within the newly formed company and $10,000 per month in exchange for his efforts as outlined herein, Acon knew that this representation was false.

46. By making the false and fraudulent representations as outlined herein, Acon intended for Jaramillo to rely and act upon it.

47. Jaramillo justifiably relied on Acon's representations.

48. As a result of Jaramillo relying on Acon's representations, he has suffered damages.

WHEREFORE, Jaramillo demands a judgement against Acon in an amount excess of Fifteen Thousand ($15,000.00) Dollars, prejudgment interest and costs, and further demands trial by jury on all issues so triable.

## COUNT VI
### FRAUD IN THE INDUCEMENT AS TO KNOELL

49. Plaintiff realleges paragraphs 1-21 and incorporates them herein.

50. Between June and mid August 2000, the exact date being unknown, Knoell falsely stated to Jaramillo that Acon would provide Jaramillo with $500,000 in cash, 2.5% of the stock of the newly formed company, a finder's fee for any investor Jaramillo secured for the purchase of USA Floral and/or its assets and a key executive position with the new

FREIDIN & BROWN. P.A.. One Biscayne Tower, Suite 3100, 2 South Biscayne Blvd., Miami, FL 33131. Phone: 305.371.3666. fax: 305.371.6725

08/13/04 FRI 11:09 [TX/RX NO 5711]

company in exchange for him instructing Acon about the intricacies of the flower business, introducing Acon representatives to key people in the flower industry, recruiting investors for the purchase of some or all of USA Floral assets as well as reviewing and revising the financial models of the new company.

51. Knoell knew when the above false statement was made that Acon would not provide Jaramillo with $500,000 in cash, 2.5% of the stock of the newly formed company, a finder's fee for any investor Jaramillo secured for the purchase of USA Floral and/or its assets and a key executive position with the new company in exchange for his efforts.

52. When the false statement was made, Knoell intended for Jaramillo to rely and act upon it.

53. Based on the representations made by Knoell as outlined above, Jaramillo justifiably relied on Knoell's representations.

54. Jaramillo has suffered and continues to suffer damages.

WHEREFORE, Jaramillo demands a judgement against Jose Miguel Knoell in an amount excess of Fifteen Thousand ($15,000.00) Dollars, prejudgment interest and costs, and further demands trial by jury on all issues so triable.

## COUNT VII
## INTENTIONAL MISREPRESENTATION AS TO KNOELL

55. Plaintiff realleges paragraphs 1-21 and incorporates them herein.

56. Between June and mid August 2000, the exact date being unknown Knoell fraudulently represented to Jaramillo that Acon would provide him with $500,000 in cash, 2.5% of the stock of the newly formed company, a finder's fee for any investor Jaramillo secured for the purchase of USA Floral and/or its assets and a key executive position with the new company in exchange for Jaramillo instructing Acon about the intricacies of the flower

FREIDIN & BROWN, P.A., One Biscayne Tower, Suite 3100, 2 South Biscayne Blvd., Miami, FL 33131, Phone: 305.371.3666. fax: 305.371.6725

business, introducing Acon representatives to key people in the flower industry, recruiting investors for the purchase of some or all of USA Floral assets as well as reviewing and revising the financial models of the new company.

57. When Knoell represented to Jaramillo that he would be compensated with $500,000 in cash, 2.5% of the stock of the newly formed company, a finder's fee for any investor Jaramillo secured for the purchase of USA Floral and/or it assets and a key executive position with the new company in exchange for Jaramillo's efforts as outlined herein, Knoell knew that this representation was false.

58. By making the false and fraudulent representation as outlined herein, Knoell intended for Jaramillo to rely and act upon it.

59. Jaramillo justifiably relied on Knoell's representation.

60. As a result of Jaramillo relying on Knoell's representation, he has suffered and continues to suffer damages.

WHEREFORE, Jaramillo demands a judgement against Jose Miguel Knoell in an amount excess of Fifteen Thousand ($15,000.00) Dollars, prejudgment interest and costs, and further demands trial by jury on all issues so triable.

DATED this 12th day of July, 2004.

FREIDIN & BROWN, P.A.
Suite 3100, One Biscayne Tower
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 371-3666

BY:_____
MANUEL L. DOBRINSKY
FBN: 775525
T. OMAR MALONE
FBN: 697796

FREIDIN & BROWN, P.A.. One Biscayne Tower. Suite 3100, 2 South Biscayne Blvd., Miami, FL 33131, Phone: 305.371.3666, fax: 305.371.6725

08/13/04 FRI 11:09 [TX/RX NO 5711]

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR
DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 04-15064 CA25

MAURICIO JARAMILLO,                    FLORIDA BAR NO.: 775525

        Plaintiff,

v.

NEWBRIDGE ANDEAN PARTNERS, L.P.
D/B/A ACON INVESTMENTS, LLC. and
JOSE MIGUEL KNOELL, individually

        Defendants.
_____/

## PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT NEWBRIDGE ANDEAN PARTNERS, L.P. D/B/A ACON INVESTMENTS, LLC.

Plaintiff files this Request for Admissions to Defendant NEWBRIDGE ANDEAN

PARTNERS, L.P. D/B/A ACON INVESTMENTS, LLC., and requests the Defendant to admit

or deny each of the following:

1.    On August 14, 2000, Jose Miguel Knoell participated in a meeting via conference call

with potential investors that was originated by Mauricio Jaramillo and held in Miami.

2.    On August 18, 2000, Jose Miguel Knoell traveled to Miami and met with Mauricio

Jaramillo to discuss the purchase of USA Floral assets

3.    In November of 2000, Jose Miguel Knoell assured Mauricio Jaramillo that Jaramillo

would be reimbursed for his monthly expenses in furtherance of the purchase of USA

Floral assets.

4.    On February 13, 2001 Knoell, again traveled to Miami to a meeting arranged by Mauricio

FREIDIN & BROWN. P.A.. One Biscayne Tower. Suite 3100, 2 South Biscayne Blvd., Miami, FL 33131, Phone: 305.371.3666, fax: 305.371.6725

Jaramillo to meet with potential investors.

5. Jorge Enrique Uribe is a partner in Florimex.

6. Jorge Enrique Uribe was introduced to Acon by Mauricio Jaramillo.

7. Jorge Enrique Uribe represents a group of investors in Florimex.

8. Jorge Enrique Uribe's group invested $6 million for the purchase of Florimex.

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served with

the Complaint and Summons.

> FREIDIN & BROWN, P.A.
> Suite 3100, One Biscayne Tower
> 2 South Biscayne Boulevard
> Miami, Florida 33131
> Telephone: (305) 371-3666
>
> BY:_____
> MANUEL L. DOBRINSKY
> FBN: 775525
> T. OMAR MALONE
> FBN: 697796

FREIDIN & BROWN, P.A., One Biscayne Tower, Suite 3100, 2 South Biscayne Blvd., Miami, FL 33131. Phone: 305.371.3666, fax: 305.371.6725

08/13/04 FRI 11:09 [TX/RX NO 5711]

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR
DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:        0 4 - 1 50 6 4    CA 25

MAURICIO JARAMILLO,             FLORIDA BAR NO.: 775525

       Plaintiff,

v.

NEWBRIDGE ANDEAN PARTNERS, L.P.
D/B/A ACON INVESTMENTS, LLC. and
JOSE MIGUEL KNOELL, individually

       Defendants.
_____/

## PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT
## JOSE MIGUEL KNOELL

Plaintiff files this Request for Admissions to Defendant JOSE MIGUEL KNOELL, and

requests the Defendant to admit or deny each of the following:

1.  On August 14, 2000, Jose Miguel Knoell participated in a meeting via conference call

    with potential investors that was originated by Mauricio Jaramillo and held in Miami.

2.  On August 18, 2000, Jose Miguel Knoell traveled to Miami and met with Mauricio

    Jaramillo to discuss the purchase of USA Floral assets

3.  In November of 2000, Jose Miguel Knoell assured Mauricio Jaramillo that Jaramillo

    would be reimbursed for his monthly expenses in furtherance of the purchase of USA

    Floral assets.

4.  On February 13, 2001 Knoell, again traveled to Miami to a meeting arranged by Mauricio

    Jaramillo to meet with potential investors.

FREIDIN & BROWN. P.A.. One Biscayne Tower. Suite 3100. 2 South Biscayne Blvd., Miami, FL 33131, Phone: 305.371.3666. fax: 305.371.6725

5.     Jorge Enrique Uribe is a partner in Florimex.

6.     Jorge Enrique Uribe was introduced to Acon by Mauricio Jaramillo.

7.     Jorge Enrique Uribe represents a group of investors in Florimex.

8.     Jorge Enrique Uribe's group invested $6 million for the purchase of Florimex.

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served with

the Complaint and Summons.

FREIDIN & BROWN, P.A.
Suite 3100, One Biscayne Tower
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 371-3666

BY:_____
          MANUEL L. DOBRINSKY
          FBN: 775525
          T. OMAR MALONE
          FBN: 697796

FREIDIN & BROWN, P.A.. One Biscayne Tower. Suite 3100, 2 South Biscayne Blvd., Miami, FL 33131, Phone: 305.371.3666, fax: 305.371.6725

08/13/04  FRI 11:09  [TX/RX NO 5711]

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR
DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 04-15064 CA25

FLORIDA BAR NO.: 775525

MAURICIO JARAMILLO,

       Plaintiff,

v.

NEWBRIDGE ANDEAN PARTNERS, L.P.
D/B/A ACON INVESTMENTS, LLC. and
JOSE MIGUEL KNOELL, individually

       Defendants.

_____/

## PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT NEWBRIDGE ANDEAN PARTNERS, L.P. d/b/a ACON INVESTMENTS, LLC.

Pursuant to Florida Rule of Civil Procedure 1.350, Plaintiff requests that the Defendant,

NEWBRIDGE ANDEAN PARTNERS, L.P. d/b/a ACON INVESTMENTS, LLC, produce,

within the time period prescribed by Rules, the following:

1.    All correspondence, e-mails, memorandums, etc., between Acon Investments and Mauricio Jaramillo during the years 2000 through the present.

2.    All documents, correspondence, e-mails, contracts, etc., regarding the purchase of any USA Floral asset from the year 2000 through the present.

3.    All documents, contracts, agreements, correspondence, regarding the purchase of Florimex by Acon Investments and any other entity.

FREIDIN & BROWN, P.A., One Biscayne Tower, Suite 3100, 2 South Biscayne Blvd., Miami, FL 33131, Phone: 305.371.3666, fax: 305.371.6725

WE HEREBY CERTIFY that a true and correct copy of the foregoing Request for

Production was served with the Summons and Complaint.

FREIDIN & BROWN, P.A.
2 South Biscayne Boulevard, Suite 3100
Miami, Florida 33131
Telephone: (305) 371-3666

BY:_____
MANUEL L. DOBRINSKY
FBN: 775525
T. OMAR MALONE
FBN: 697796

08/13/04  FRI 11:09  [TX/RX NO 5711]

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR
DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 04-15064 CA20

FLORIDA BAR NO.: 775525

MAURICIO JARAMILLO,

        Plaintiff,

v.

NEWBRIDGE ANDEAN PARTNERS, L.P.
D/B/A ACON INVESTMENTS, LLC. and
JOSE MIGUEL KNOELL, individually

        Defendants.

_____/

## PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT JOSE MIGUEL KNOELL

Pursuant to Florida Rule of Civil Procedure 1.350, Plaintiff requests that the Defendant,

JOSE MIGUEL KNOELL, produce, within the time period prescribed by Rules, the following:

1. All correspondence, e-mails, memorandums, etc., between Acon Investments and Mauricio Jaramillo during the years 2000 through the present.

2. All documents, correspondence, e-mails, contracts, etc., regarding the purchase of any USA Floral asset by Acon from the year 2000 through the present.

3. All documents, contracts, agreements, correspondence, regarding the purchase of Florimex by Acon Investments.

4. All documents evidencing any charges, fees, etc. from Acon to any and all partners involved in the purchase of Florimex.

FREIDIN & BROWN. P.A.. One Biscayne Tower. Suite 3100. 2 South Biscayne Blvd.. Miami. FL 33131. Phone: 305.371.3606. fax: 305.371.6725

5.   All documents evidencing any investment by Jorge Enrique Uribe and his investor group in the purchase of Florimex.

WE HEREBY CERTIFY that a true and correct copy of the foregoing Request for

Production was served with the Summons and Complaint.

FREIDIN & BROWN, P.A.
2 South Biscayne Boulevard, Suite 3100
Miami, Florida 33131
Telephone: (305) 371-3666


BY:_____
           MANUEL L. DOBRINSKY
           FBN: 775525
           T. OMAR MALONE
           FBN: 697796

Jul-22-04 01:29pm From-18 Cahill Go...on & Reindel LLP 212-269-5420--18 T-271 P 019/025 F-735

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR
DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 04 ∃P 50 6 4 CA 25

FLORIDA BAR NO.: 775525

MAURICIO JARAMILLO,

    Plaintiff,

v.

NEWBRIDGE ANDEAN PARTNERS, L.P.
D/B/A ACON INVESTMENTS, LLC. and
JOSE MIGUEL KNOELL, individually

    Defendants.

_____/

## NOTICE OF SERVICE OF INTERROGATORIES TO NEWBRIDGE ANDEAN PARTNERS, L.P. d/b/a ACON INVESTMENTS, LLC.

Plaintiff, through counsel, propounds the attached Interrogatories to NEW BRIDGE

ANDEAN PARTNERS, L.P. d/b/a ACON INVESTMENTS, LLC. and requests that they be

answered separately and fully in writing under oath, within the time and manner prescribed by

the Florida Rules of Civil Procedure.

  WE HEREBY CERTIFY that a true and correct copy of the foregoing Notice of
Interrogatories was served with the Summons and Complaint.

    FREIDIN & BROWN, P.A.
    2 South Biscayne Boulevard, Suite 3100
    Miami, Florida 33131
    Telephone: (305) 371-3666

    BY:_____
      MANUEL L. DOBRINSKY
      FBN: 775525
      T. OMAR MALONE
      FBN: 697796

Jul-22-04   01:30pm   From-18 Cahill Gordon & Reindel LLP   212-268-5420   T-074

## INTERROGATORIES TO NEWBRIDGE ANDEAN PARTNERS. L.P. d/b/a ACON INVESTMENTS, LLC.

1.    Please state Jose Miguel Knoell's title and/or position at Acon Investments, LLC.

2.    Please state Jose Miguel Knoell's title and/or position at NewBridge Andean Partners.

3.    Please list any officers, directors, employees and or agents of Acon and/or NewBridge who traveled to Florida between 2000 and 2004 in relation to the purchase of Florimex including the dates the dates of travel and the purpose to the trip.

FREIDIN & BROWN, P.A., One Biscayne Tower, Suite 3100, 2 South Biscayne Blvd., Miami, FL 33131, Phone: 305.371.3666, fax: 305.371.6


Jul-22-04   01:30pm   From-18 Cahill Gordon & Reindel LLP   212-269-5420--18   T-277   P.020/025   F-492

4.   Please identify any charges, fees, expense recoveries, etc. by Acon to its Partners in the purchase of Florimex.  Please also describe the reason and purpose for these charges.

5.   Please explain how Jorge Enrique Uribe became a partner with Acon in the purchase of Florimex.  Also please identify how much money Jorge Enrique Uribe and his investor group invested in the purchase of Florimex.

FREIDIN & BROWN, P.A., *One Biscayne Tower, Suite 3100, 2 South Biscayne Blvd., Miami, FL 33131, Phone: 305.371.3666, fax: 305.371.67.*

JUI-22-04   01:30pm   From-18 Cahill Gordon & Reindel LLP   212-269-5420   T-271   P.021/025   F-731

_____

_____

**Print Name**

STATE OF _____

COUNTY OF _____

      BEFORE ME, the undersigned authority, personally appeared _____ _____, who after being first duly sworn, deposes and states that he/she has answered the foregoing Interrogatories to the best of his/her knowledge, information and belief.

      SWORN TO AND SUBSCRIBED before me this ___ day of _____, 2004 by _____, who has produced_____ as identification and who did take an oath.

_____

**NOTARY PUBLIC, State of Florida**
at Large

My commission expires:

FREIDIN & BROWN, P.A., *One Biscayne Tower, Suite 3100, 2 South Biscayne Blvd., Miami, FL 33131. Phone: 305.371.3666, fax: 305.371.6*

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR
DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:  04-15064  CA25

MAURICIO JARAMILLO,                    FLORIDA BAR NO.: 775525

        Plaintiff,

v.

NEWBRIDGE ANDEAN PARTNERS, L.P.
D/B/A ACON INVESTMENTS, LLC. and
JOSE MIGUEL KNOELL, individually

        Defendants.
_____/

## NOTICE OF SERVICE OF INTERROGATORIES TO
## JOSE MIGUEL KNOELL

Plaintiff, through counsel, propounds the attached Interrogatories to JOSE MIGUELL

KNOELL and requests that they be answered separately and fully in writing under oath, within

the time and manner prescribed by the Florida Rules of Civil Procedure.

WE HEREBY CERTIFY that a true and correct copy of the foregoing Notice of
Interrogatories was served with the Summons and Complaint.

FREIDIN & BROWN, P.A.
2 South Biscayne Boulevard, Suite 3100
Miami, Florida 33131
Telephone: (305) 371-3666

BY:_____
MANUEL L. DOBRINSKY
FBN: 775525
T. OMAR MALONE
FBN: 697796

FREIDIN & BROWN, P.A., *One Biscayne Tower, Suite 3100, 2 South Biscayne Blvd., Miami, FL 33131, Phone: 305.371.3666, fax: 305.371.6725*

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR
DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

MAURICIO JARAMILLO,                    CASE NO.:   04-15064 CA 25

        Plaintiff,

v.

ACON INVESTMENTS, LLC. and
JOSE MIGUEL KNOELL, individually

        Defendants.

_____/

## PLAINTIFF'S NOTICE OF FILING AMENDED COMPLAINT

Plaintiff, through counsel, hereby gives notice of filing this his Amended Complaint for

Damages and Demand for Jury Trial.


      WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed
this 5th day of August, 2004 to Raymond V. Miller, Esquire, Gunster, Yoakley & Stewart,
P.A., One Biscayne Tower, Suite 3400, 2 South Biscayne Boulevard, Miami, Florida 33131-
1897.


                            FREIDIN & BROWN, P.A.
                            Suite 3100, One Biscayne Tower
                            2 South Biscayne Boulevard
                            Miami, Florida 33131
                            Telephone:  (305) 371-3666


BY:_____
                            MANUEL L. DOBRINSKY
                            FBN: 775525
                            T. OMAR MALONE
                            FBN: 697796

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR
DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

MAURICIO JARAMILLO,                    CASE NO.:   04-15064 CA 25

                Plaintiff,

v.

ACON INVESTMENTS, LLC. and
JOSE MIGUEL KNOELL, individually

                Defendants.

_____/

## AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, sues the Defendants and states:

## GENERAL ALLEGATIONS

1.    This is an action for damages in excess of FIFTEEN THOUSAND AND 00/100 ($15,000.00) DOLLARS.

2.    Plaintiff Mauricio Jaramillo is a resident of the State of Florida.

3.    Defendant Acon Investments, LLC. ("Acon") is a private equity firm doing business in Washington, D.C.

4.    On information and belief, Jose Miguel Knoell is a resident of the District of Columbia and a partner in Acon.

5.    This Court has long-arm jurisdiction over the Defendants pursuant to Florida Statute § 48.193(a) or in the alternative Florida Statute § 48.193(g).

6.    In or about June 2000, Jaramillo first met with Acon representatives to discuss the entering into a joint venture to purchase some or all of the assets from a flower

distribution company known as USA Floral (the "joint venture").

7. Between June and mid August 2000, the exact date being unknown, Acon representative Jose Miguel Knoell traveled to Miami, Florida and met with Jaramillo to further the joint venture. At the conclusion of this meeting and continuing throughout the joint venture, the parties agreed that Jaramillo's role in the joint venture would consist of instructing Acon about the intricacies of the flower business, introducing Acon representatives to key people in the flower industry, recruiting investors for the purchase of some or all of USA Floral assets as well as reviewing and revising the financial models for the new company. Jaramillo also spent considerable effort in reviewing documents regarding the purchase of USA Floral assets.

8. For his participation in the joint venture, Acon agreed to compensate Jaramillo as follows: Jaramillo would receive $500,000 in cash, 2.5% of the stock of the newly formed company, a finder's fee for any investor Jaramillo secured for the purchase of USA Floral and/or its assets and a key executive position with the new company.

9. To date Jaramillo has not received any compensation from Acon.

10. On or about August 14, 2000, Acon, through its officers and employees, including but not limited to Jose Miguel Knoell, participated in a meeting via conference call with potential investors that was originated by Jaramillo and held in Miami.

11. On August 18, 2000 Knoell traveled to Miami and met with Jaramillo to work on and revise details of the joint venture.

12. On September 8, 2000 Acon, through its officers and employees, attended a meeting in furtherance of the joint venture with potential investors arranged by Jaramillo and held in Miami.

13.   In or about September and October 2000 Jaramillo traveled, at his own expense, to Central and South America to meet with potential investors and to introduce Knoell to additional investors and flower growers.

14.   Between October 2000 and January of 2001 Jaramillo continued to travel within the United States, Europe and South America at his own expense to promote the joint venture.

15.   In or about November of 2000, Acon, through its officers and employees, including but not limited to Jose Miguel Knoell, induced Jaramillo to continue working on the joint venture by assuring him that he would be duly reimbursed for his monthly expenses in furtherance of the joint venture. In essence Acon, through Knoell, promised to pay Jaramillo $10,000/month until the time that the new company was formed.  Jaramillo relied on these representations and continued to work for the joint venture.

16.   On or about February 13, 2001 Acon representatives, including Knoell, again traveled to Miami to a meeting arranged by Jaramillo to meet  with potential investors. Around this time, Acon through it officers and employees, promised $30,000 to help defray the costs he incurred promoting the joint venture.

17.   Jaramillo continued to work with Acon to promote the joint venture through April, 2001.

18.   On or about April 17, 2001 Jaramillo wrote a letter to Acon regarding the fact that he had not received any payment from them.  He explained to them that their failure to pay him placed him in a dire financial situation.

19.   At that time Acon misrepresented to Jaramillo that they were not sure they would proceed with the project.

20.   Based on these misrepresentations, Jaramillo found employment with another company.

21. In November, 2001 Acon, along with at least one investor introduced to Acon by Jaramillo, finalized its purchase of Florimex, USA Floral's international and most profitable asset.

## COUNT I
## BREACH OF IMPLIED CONTRACT/UNJUST ENRICHMENT/QUANTUM MERUIT

22. Plaintiff realleges paragraphs 1-21 and incorporates them herein.

23. Jaramillo, through all of his efforts in furtherance of the Joint venture, provided Acon with the concept knowledge and expertise to purchase Florimex. Furthermore, Jaramillo provided Acon with at least one investor who was instrumental in the purchase of Florimex.

24. At all times material, Acon was aware that Jaramillo was providing these services and Acon has benefitted from Jaramillo's services.

25. Thus, it would be inequitable to allow Acon to benefit from Jaramillo's services without paying him fair value for his services.

WHEREFORE, Jaramillo demands a judgement against Acon in an amount excess of Fifteen Thousand ($15,000.00) Dollars, exclusive of interest and costs, prejudgment interest and further demands trial by jury on all issues so triable.

## COUNT II
## BREACH OF ORAL CONTRACT

26. Plaintiff realleges paragraphs 1-21 and incorporates them herein.

27. Between June and mid August 2000, the exact date being unknown, Jaramillo and Acon entered into an oral contract to form a joint venture, the essential purpose of which was to purchase some or all of the assets of USA Floral.

28.     Under the terms of the oral contract, the parties agreed that Jaramillo would instruct Acon about the intricacies of the flower business, introduce Acon representatives to key people in the flower industry, recruit investors for the purchase of some or all of USA Floral assets as well as review and revise the financial models for the new company.

29.     The parties agreed that in exchange for Jaramillo educating Acon about the flower business, introducing Acon to significant figures within the flower growing and distribution industry and securing investors for acquisition of USA Floral's assets, Jaramillo would receive $500,000 in cash, 2.5% of the stock of the newly formed company, a finder's fee for any investor Jaramillo secured for the purchase of USA Floral and/or its assets and a key executive position with the new company.

30.     Despite Jaramillo's full performance of his obligations under the terms of the oral contract and despite his demands to be compensated in accordance with the parties' agreement, Acon refused and still refuses to compensate Jaramillo.

31.     As a result of Acon's breach of the terms of the oral contract, Jaramillo has sustained and continues to sustain damages.

WHEREFORE, Jaramillo demands a judgement against Acon in an amount excess of Fifteen Thousand ($15,000.00) Dollars, exclusive of interest and costs, prejudgment interest and further demands trial by jury on all issues so triable.

## COUNT III
## FRAUD IN THE INDUCEMENT

31.     Plaintiff realleges paragraphs 1-21 and incorporates them herein.

32.     Between June and mid August 2000, the exact date being unknown, Acon falsely stated to Jaramillo that they would provide him with $500,000 in cash, 2.5% of the stock of the

newly formed company, a finder's fee for any investor Jaramillo secured for the purchase of USA Floral and/or its assets and a key executive position with the new company in exchange for him instructing Acon about the intricacies of the flower business, introducing Acon representatives to key people in the flower industry, recruiting investors for the purchase of some or all of USA Floral assets as well as reviewing and revising the financial models for the new company.

33.  Acon knew when the above false statement was made that it would not provide Jaramillo with $500,000 in cash, 2.5% of the stock of the newly formed company,  a finder's fee for any investor Jaramillo secured for the purchase of USA Floral and/or its assets and a key executive position with the new company.

34.  When the false statement was made, Acon intended for Jaramillo to rely and act upon it.

35.  Based on the representations made by Acon as outlined above, Jaramillo justifiably relied on Acon's representations.

36.  Jaramillo has suffered and continues to suffer damages.

WHEREFORE, Jaramillo demands a judgement against Acon in an amount excess of Fifteen Thousand ($15,000.00) Dollars, exclusive of interest and costs, prejudgment interest and further demands trial by jury on all issues so triable.

## COUNT IV
## NEGLIGENT MISREPRESENTATION AS TO ACON

37.  Plaintiff realleges paragraphs 1-21 and incorporates them herein.

38.  Between June and mid August 2000, the exact date being unknown Acon represented to Jaramillo that they would provide him with $500,000 in cash, 2.5% of the stock of the newly formed company,  a finder's fee for any investor Jaramillo secured for the purchase

of USA Floral and/or its assets and a key executive position with the new company in exchange for him instructing Acon about the intricacies of the flower business, introducing Acon representatives to key people in the flower industry, recruiting investors for the purchase of some or all of USA Floral assets as well as reviewing and revising the financial models of the new company.

39. Acon knew or should have known that this representation was false.

40. Acon intended by such representation to induce Jaramillo into educating Acon on the intricacies of the flower business, introducing them to significant figures within the flower growing and distribution industry and recruiting investors to act in accordance.

41. Based on the representations made by Acon as outlined above, Jaramillo justifiably relied on Acon's representations.

42. As a result of Jaramillo relying on Acon's representations, he has suffered and continues to suffer damages.

WHEREFORE, Jaramillo demands a judgement against Acon in an amount excess of Fifteen Thousand ($15,000.00) Dollars, exclusive of interest and costs, and further demands trial by jury on all issues so triable.

## COUNT V
## INTENTIONAL MISREPRESENTATION AS TO ACON

43. Plaintiff realleges paragraphs 1-21 and incorporates them herein.

44. Between June and mid August 2000, the exact date being unknown Acon fraudulently represented to Jaramillo that they would  provide him with $500,000 in cash, 2.5% of the stock of the newly formed company,  a finder's fee for any investor Jaramillo secured for the purchase of USA Floral and/or it assets and a key executive position with the new

company in exchange for him instructing Acon about the intricacies of the flower business, introducing Acon representatives to key people in the flower industry, recruiting investors for the purchase of some or all of USA Floral assets as well as reviewing and revising the financial models of the new company.

45.   When Acon represented to Jaramillo that he would be compensated with $500,000 in cash, 2.5% of the stock, a key executive position within the newly formed company and $10,000 per month in exchange for his efforts as outlined herein, Acon knew that this representation was false.

46.   By making the false and fraudulent representations as outlined herein, Acon intended for Jaramillo to rely and act upon it.

47.   Jaramillo justifiably relied on Acon's representations.

48.   As a result of Jaramillo relying on Acon's representations, he has suffered damages.

WHEREFORE, Jaramillo demands a judgement against Acon in an amount excess of Fifteen Thousand ($15,000.00) Dollars, prejudgment interest and costs, and further demands trial by jury on all issues so triable.

## COUNT VI
## FRAUD IN THE INDUCEMENT AS TO KNOELL

49.   Plaintiff realleges paragraphs 1-21 and incorporates them herein.

50.   Between June and mid August 2000, the exact date being unknown, Knoell falsely stated to Jaramillo that Acon would provide Jaramillo with $500,000 in cash, 2.5% of the stock of the newly formed company,  a finder's fee for any investor Jaramillo secured for the purchase of USA Floral and/or its assets and a key executive position with the new company in exchange for him instructing Acon about the intricacies of the flower

business, introducing Acon representatives to key people in the flower industry, recruiting investors for the purchase of some or all of USA Floral assets as well as reviewing and revising the financial models of the new company.

51. Knoell knew when the above false statement was made that Acon would not provide Jaramillo with $500,000 in cash, 2.5% of the stock of the newly formed company, a finder's fee for any investor Jaramillo secured for the purchase of USA Floral and/or its assets and a key executive position with the new company in exchange for his efforts.

52. When the false statement was made, Knoell intended for Jaramillo to rely and act upon it.

53. Based on the representations made by Knoell as outlined above, Jaramillo justifiably relied on Knoell's representations.

54. Jaramillo has suffered and continues to suffer damages.

WHEREFORE, Jaramillo demands a judgement against Jose Miguel Knoell in an amount excess of Fifteen Thousand ($15,000.00) Dollars, prejudgment interest and costs, and further demands trial by jury on all issues so triable.

## COUNT VII
## INTENTIONAL MISREPRESENTATION AS TO KNOELL

55. Plaintiff realleges paragraphs 1-21 and incorporates them herein.

56. Between June and mid August 2000, the exact date being unknown Knoell fraudulently represented to Jaramillo that Acon would provide him with $500,000 in cash, 2.5% of the stock of the newly formed company, a finder's fee for any investor Jaramillo secured for the purchase of USA Floral and/or its assets and a key executive position with the new company in exchange for Jaramillo instructing Acon about the intricacies of the flower business, introducing Acon representatives to key people in the flower industry,

FREIDIN & BROWN, P.A., One Biscayne Tower, Suite 3100, 2 South Biscayne Blvd., Miami, FL 33131, Phone: 305.371.3666, fax: 305.371.6725

recruiting investors for the purchase of some or all of USA Floral assets as well as reviewing and revising the financial models of the new company.

57. When Knoell represented to Jaramillo that he would be compensated with $500,000 in cash, 2.5% of the stock of the newly formed company, a finder's fee for any investor Jaramillo secured for the purchase of USA Floral and/or it assets and a key executive position with the new company in exchange for Jaramillo's efforts as outlined herein, Knoell knew that this representation was false.

58. By making the false and fraudulent representation as outlined herein, Knoell intended for Jaramillo to rely and act upon it.

59. Jaramillo justifiably relied on Knoell's representation.

60. As a result of Jaramillo relying on Knoell's representation, he has suffered and continues to suffer damages.

WHEREFORE, Jaramillo demands a judgement against Jose Miguel Knoell in an amount excess of Fifteen Thousand ($15,000.00) Dollars, prejudgment interest and costs, and further demands trial by jury on all issues so triable.

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this _5th_ day of August, 2004 to Raymond V. Miller, Esquire, Gunster, Yoakley & Stewart, P.A., One Biscayne Tower, Suite 3400, 2 South Biscayne Boulevard, Miami, Florida 33131-1897.

FREIDIN & BROWN, P.A.
2 South Biscayne Boulevard, #3100
Miami, Florida 33131
Telephone: (305) 371-3666

BY:_____
MANUEL L. DOBRINSKY
FBN: 775525
T. OMAR MALONE
FBN: 697796

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

MAURICIO JARAMILLO,

Case No. 04-15064 CA (25)

       Plaintiff,

v.

ACON INVESTMENTS, LLC and
JOSE MIGUEL KNOELL, individually

       Defendants.

_____/

## DEFENDANTS', ACON INVESTMENTS, LLC AND JOSE MIGUEL KNOELL, NOTICE OF FILING NOTICE OF REMOVAL

Defendants, Acon Investments, LLC and Jose Miguel Knoell, hereby give notice to this Court that they have this day filed a Notice of Removal in the United States District Court for the Southern District of Florida. A copy of the Notice of Removal is attached hereto as Exhibit "A." Accordingly, pursuant to 28 U.S.C. § 1446, removal of this proceeding from this Court to the United States District Court for the Southern District of Florida has been effected.

       Respectfully submitted,

       GUNSTER, YOAKLEY & STEWART, P.A.
       Counsel for Defendants ACON INVESTMENTS,
       LLC and JOSE MIGUEL KNOELL
       One Biscayne Tower, Suite 3400
       Two Biscayne Boulevard
       Miami, Florida 33131
       Telephone: (305) 376-6000
       Facsimile: (305) 376-6010

By:_____
       Raymond V. Miller
       Florida Bar No. 328901
       Email: rmiller@gunster.com
       Ann M. Burke
       Florida Bar No. 093408
       Email: aburke@gunster.com



EXHIBIT
B

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy hereof has been furnished via facsimile and U.S. Mail to Manuel L. Dobrinsky, Esquire, Counsel for Plaintiff, Two South Biscayne Boulevard, Suite 3100, Miami, Florida 33131 this $\underline{13}$ day of August, 2004.

By: _____
    Raymond V. Miller

2

GUNSTER, YOAKLEY & STEWART, P.A.
PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

FTL 263299.2

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**04-22069**

D.C.

FILED BY
2004 AUG 13 PM 4:07

**I(a) PLAINTIFFS**

MAURICO JARAMILLO

**DEFENDANTS**

ACON INVESTMENTS, LLC
and JOSE MIGUEL KNOELL

**CIV-ALTONAGA**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF IS MIAMI-DADE
(EXCEPT IN U.S. PLAINTIFF CASES)
S.D. OF FLA.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDENT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

MANUEL L. DOBRINSKY, ESQ.
FREIDIN & BROWN, P.A.
ONE BISCAYNE TOWER, SUITE 3100, 2 SOUTH BISCAYNE BOULEARD
MIAMI, FL 33131
(305) 371-3666

ATTORNEYS (IF KNOWN)

RAYMOND V. MILLER, ESQUIRE
GUNSTER, YOAKLEY & STEWART, P.A.
ONE BISCAYNE TOWER, SUITE 3400, 2 SOUTH BISCAYNE BOULEVARD
MIAMI, FL 33131

**MAGISTRATE JUDGE**
**BANDSTRA**

Dade  04-22069-CIV-Altonaga / Bandstra

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:

DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X ONE BOX ONLY)

- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☒ 4. Diversity
  (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only) (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated of Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
28 U.S.C. 1332, 1441 AND 1446. BREACH OF CONTRACT. FRAUD IN THE INDUCEMENT, NEGLIGENT & INTENTIONAL MISREPRESENTATION

**IVa.** FIVE days estimated (for both sides) to try entire case

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 362 Personal Injury-Med. Malpractice | | ☐ 450 Commerce/ICC Rates, etc. B |
| ☐ 150 Recovery of Over-payment and Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 365 Personal Injury Product Liability | **A PROPERTY RIGHTS** ☐ 820 Copyrights | ☐ 460 Deportation |
| | ☐ 340 Marine | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent | ☐ 470 Racketeer Influenced & Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 368 Asbestos Personnel Injury Product Liability | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** ☐ 630 Liquor Laws | | ☐ 850 Securities/Commodities/Exchange |
| | | ☐ 370 Other Fraud | ☐ 640 R.R. & Truck | |
| | | | ☐ 650 Airline Regs | **B SOCIAL SECURITY** ☐ 861 HIA (13950) |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending B | ☐ 660 Occupational Safety/Health | ☐ 862 Black Lung (923) |
| ☐ 160 Stockholder's Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personnel Property Damage | ☐ 690 Other | ☐ 863 DIWC/DIWW (405(g)) |
| ☒ 190 Other Contract | | ☐ 385 Property Damage Product Liability | | ☐ 864 SSID Title XVI |
| ☐ 195 Contract Product Liability | | | **A LABOR** | ☐ 865 RSI (405(g)) |

| A REAL PROPERTY | A CIVIL RIGHTS | B PRISONER PETITIONS | | |
|---|---|---|---|---|
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act | ☐ 894 Energy/Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment | ☐ 530 General* | ☐ 720 Labor Management Relations B | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 730 Labor Management Reporting & Disclosure Act | **A FEDERAL TAX SUITS** ☐ 870 Taxas (U.S. Plaintiff or Defendant) |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other* | ☐ 740 Railway Labor Act | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights *A or B | ☐ 790 Other Labor Litigation | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 290 All Other Real Property | | | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | | | | ☐ 950 Constitutionality of State Statutes |
| | | | | ☐ 890 Other Statutory Actions* *A or B |

Additional Other Status items: ☐ 875 Customer Challenge 12USC3410; ☐ 891 Agricultural Acts; ☐ 892 Economic Stabilization Act; ☐ 893 Environmental Matters

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

- ☐ 1. Original Proceeding
- ☒ 2. Removed From State Court
- ☐ 3. Remanded from Appellate Court
- Ratified
- ☐ 5. Transferred from another district (Specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $500,000.00 plus additional damages
Check YES only if demanded in complaint: ☒ YES
JURY DEMAND: ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions)  JUDGE _____  DOCKET NUMBER _____

DATE _____
SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT
S/F 1-2   REV. 9/94

FOR OFFICE USE ONLY
Receipt No. 906362   Amount 150.00
Date Paid: _____   M/tp: _____

263265.1